IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MICHAEL W. HAGAN, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-08-282-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## OPINION AND ORDER

Plaintiff Michael W. Hagan (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 24, 1957 and was 50 years old at the time of the ALJ's decision. He completed his education through the eleventh grade. Claimant has engaged in past relevant work as a mechanic, spot welder, cook, and general laborer. Claimant alleges an inability to work beginning September 24, 2006 due to a

3

peptic ulcer and chronic obstructive pulmonary disease ("COPD").

## Procedural History

On October 4, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income under Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*). Claimant's applications for benefits were denied initially and upon reconsideration. On July 16, 2007, Claimant appeared at a hearing before ALJ Charles Headrick in Tulsa, Oklahoma. By decision dated September 19, 2007, the ALJ found Claimant was not disabled at any time through the date of the decision. On May 29, 2008, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform the light work of arcade attendant, electronics assembler, semi-conductor assembler, and order clerk.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to properly consider all of Claimant's impairments; (2)

4

failing to engage in a proper credibility determination; and (3) failing to demonstrate jobs are available for Claimant at step five.

### Consideration of Claimant's Impairments

Claimant contends the ALJ only considered Claimant's COPD as a severe impairment when the record supported a finding of severe impairment for Claimant's back and shoulder pain. In a rather confusing argument, Claimant apparently contends radiology reports support his allegations of back pain. They do not. Claimant makes the unqualified medical diagnosis that the x-ray finding of "a partially collapsed thoracic vertebra" "could easily explain [Claimant's] back pain." The actual x-ray report states a finding of a "mild anterior wedging of a lower thoracic vertebral body stable from prior study." (Tr. 237). Claimant's supposition and counsel's medical diagnosis notwithstanding, no medical source available in the record before the Court has opined that this mild condition accounts for any pain Claimant might be experiencing. No error is found with the ALJ's conclusion regarding the state of the medical record.

### Credibility Evaluation

Claimant next challenges the ALJ's conclusion that some of Claimant's allegations of pain were not credible. (Tr. 17).

Claimant contends he cannot afford medical care, which the ALJ acknowledged. Id. The ALJ then contends "[i]f the claimant were in the constant and disabling painful condition as alleged, it is reasonable to assume that [Claimant] would exhaust every means possible to obtain relief of that pain." He then reason, in a rather tortured fashion, that since no evidence was presented by Claimant that he sought and refused treatment, his credibility is in doubt. (Tr. 17). The ALJ cites to the case of Teter v. Heckler, 775 F.2d 1104 (10th Cir. 1985) as supporting this proposition. It does not. The Teter case has nothing to do with indigency but rather sets forth the requirements for relying upon a finding that a claimant refused care as a basis for determining ineligibility for benefits. Id. at 1106. Since the ALJ improperly used Claimant's indigent circumstance as a basis for calling his credibility into doubt, the case must be remanded for reconsideration of this issue.

## Step Five Analysis

Claimant first contends the ALJ's questioning of the vocational expert did not include "any of the necessary strength demands required." Presumably, Claimant is contending the ALJ should not have used terms such as "light," "medium," or "heavy" in questioning the vocational expert. The case cited by Claimant for

6

this proposition, <u>Alexander v. Barnhart</u>, 2003 WL 22087496 (10th Cir. (Okla.)), does not state the questioning of the vocational expert cannot utilize the exertional requirements in such terms but rather that the RFC cannot be stated in such terms. This Court does agree that the questioning should have been more specific as to the functional requirements of each job so that no question existed as to whether Claimant's RFC was sufficient to accommodate those requirements. On remand, the ALJ shall reformulate his questioning of the vocational expert in more specific terms.

Additionally, the questioning should include with precision the limitations the ALJ finds to exist. Consequently, the ALJ's limitations on fumes, odors, gases, poor ventilation and extreme temperatures should be tracked by the vocational expert with specificity.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 28th day of September, 2009.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE